**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4154

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

MICHAEL MATTHEW PHILLIPS,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:18-cr-00107-1)

Submitted: March 18, 2020                        Decided: May 1, 2020

Before NIEMEYER, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Judge Diaz joined.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

Michael Matthew Phillips appeals the final judgment entered on his conviction of possessing a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Phillips contends the government did not produce sufficient evidence to support the jury's verdict that Phillips exercised dominion and control over a firearm. He also argues the district court abused its discretion by allowing the government to question its witness, Jeremy Hyer, about his drug relationship with Phillips. Having reviewed and considered the record, we affirm.

I.

We begin by summarizing the relevant facts. Jeremy Hyer, an admitted heroin addict, stole several rolls of coins and a 9mm pistol from a garage at his uncle's house in West Virginia. He traded the firearm and some of the coins for heroin from a man known as "K." After Hyer's uncle reported the firearm as stolen, Hyer, when questioned by local authorities, admitted stealing it. He then began working with law enforcement to recover the firearm. More specifically, Hyer met with Corporal Jeremy Hatfield of the Kanawha County Sheriff's Department to set up a controlled buy back of the firearm and the purchase of $30.00 worth of heroin. Hyer arranged the buy-back deal through a series of text messages with "K." After law enforcement officials drove Hyer to a location near a Go-Mart convenience store, Hyer exited the vehicle to meet "one of K's friends" to buy back the firearm. (J.A. 125-126, 144.)

Hyer "ran into" a few people in the parking lot of the Go-Mart, including Phillips. (J.A. 126, 144.) After a conversation, Hyer and Phillips walked together to a house across

2

the street from the store. Hyer left money in the house for the gun. Hyer and Phillips then left the house and walked down the street. After walking some distance together down the street, Phillips raised his arm and made a hand motion. Hyer then recovered the firearm from some tall weeds near a utility pole. Hyer returned to Hatfield with the firearm and $30.00 leftover cash because he was not able to buy heroin.

Several months after the firearm was recovered, Phillips was charged with possessing a firearm as a felon.[1] After pleading not guilty, Phillips proceeded to a jury trial. The sole question for the jury was whether Phillips constructively possessed the firearm, as the other elements of the offense were stipulated by Phillips and the government. The jury found Phillips guilty. Phillips moved for a judgment of acquittal, arguing there was insufficient evidence to support the jury's verdict that Phillips constructively possessed the firearm at issue. The district court denied Phillips' motion and sentenced him to a term of 30 months in prison followed by three years of supervised release.

Phillips filed a timely notice of appeal of his conviction. We have jurisdiction over the appeal pursuant to 28 U.S.C.§ 1291 and 18 U.S.C. § 3742.

II.

We turn to Phillips' first argument on appeal. Phillips maintains that his conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) should be reversed because the district court

---

[1] It is undisputed that he had been previously convicted of crimes punishable by terms of imprisonment exceeding one year as defined in 18 U.S.C. § 921 (a)(20).

erred in denying his motion for acquittal. He argues that there was insufficient evidence from which a reasonable jury could conclude, beyond a reasonable doubt, that he possessed the firearm Hyer stole and then recovered.

Section 922(g)(1) makes it unlawful for a defendant previously convicted of a crime punishable by a term of imprisonment exceeding one year to ship, transport, receive, or possess a firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). The possession element is at issue in this case. Possession can be actual, which means physical control over property, or constructive, which means a "defendant exercised, or had the power to exercise, dominion and control over the item." *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (internal quotation marks and citation omitted). Here, the pertinent issue is whether Phillips constructively possessed the gun. Phillips argues there was no evidence from which a jury could reasonably conclude he maintained constructive possession. In support of that argument, he insists a defendant's mere proximity to contraband or awareness of a gun's position is not a sufficient basis for concluding constructive possession.

As the district court denied Phillips' motion for acquittal, we review de novo and employ the same standards applied by the district court. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "Any defendant who contends that there was insufficient evidence to sustain a guilty verdict against him 'must overcome a heavy burden.'" *Id.* (quoting *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995)). Viewing the evidence in the light most favorable to the government, the court must uphold the jury's verdict if it is supported by substantial evidence. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017).

And by "substantial evidence," we mean, evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). Thus, "[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted). "A reviewing court, therefore, may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

Having reviewed the record, we affirm the district court and the jury's verdict. The record contains evidence that Hyer went to the Go-Mart to retrieve the gun from one of K's friends and then met Phillips. After meeting Phillips, the two men walked to and entered the house across the street. Hyer dropped some money in the house to buy back the gun. He then left the house with Phillips and walked with him to the end of the street. As they approached the location of the gun, Phillips raised his arm and made a hand gesture. Hyer then "grabbed the gun from a specific place at the end of the street." (J.A. 153.) He admitted that he probably would not have found the gun without Phillips. From this evidence a reasonable jury could have found, beyond a reasonable doubt, that Phillips discussed the gun deal with Hyer at the Go-Mart, took the money for the gun, led Hyer to it, and signaled to Hyer its location. This is sufficient evidence that Phillips exercised dominion and control over and thus constructively possessed the firearm.

5

To be sure, the record contained support for Phillips' argument that he was not guilty. Hyer did not specifically identify who told him the location of the gun. And he testified that Phillips did not lead him to the gun. The two men, Hyer suggests, simply walked together down the street. But a reasonable jury was entitled to reject Hyer's testimony and Phillips' arguments. *See Burgos*, 94 F.3d at 862 (citation omitted) ("[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.").

Here, the evidence reveals more than an unexplained proximity to the weapon on the part of Phillips. Because the record provides a sufficient connection between Phillips and the weapon, the jury's finding of constructive possession is supported by sufficient evidence, and Phillips' conviction must be sustained. *See generally United States v. Branch*, 537 F.3d 328, 343 (4th Cir. 2008) (affirming conviction and finding facts taken together would allow a reasonable jury to conclude the defendant constructively possessed the firearm concealed in the vehicle).

## III.

We now turn to Phillips' second argument. Phillips argues the district court abused its discretion in allowing the government to elicit certain testimony regarding the relationship and prior drug use between Phillips and Hyer. During cross-examination by Phillips' counsel, Hyer revealed that he had several sources for heroin. In response, on re-direct examination, the government asked Hyer if Phillips was one of those sources.

Phillips objected, arguing the question and testimony sought was inadmissible based on Federal Rule of Evidence 404(b). The government responded that the defense "opened the door" to the line of questioning by asking about Hyer's drug use and sources. (J.A. 184.) After the district court overruled the objection, Hyer testified that he and Phillips "got high together." (J.A. 185.)

The standard of review for such evidentiary rulings is abuse of discretion. *United States v. Basham*, 561 F.3d 302, 325 (4th Cir. 2009). "We will not vacate a conviction unless we find that the district court judge acted arbitrarily or irrationally in admitting evidence." *Id.* at 326 (internal quotation marks and citation omitted). "Judgments of evidentiary relevance and prejudice are fundamentally a matter of trial management, for [t]rial judges are much closer to the pulse of a trial than we can ever be and broad discretion is necessarily accorded them." *United States v. Benkahla*, 530 F.3d 300, 309 (4th Cir. 2008) (internal citations and quotation marks omitted).

The district court did not abuse its discretion in allowing the government to present evidence concerning the relationship between Hyer and Phillips, including their prior drug use. Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). But, importantly, it "does not bar evidence that completes the story of the crime or explains the relationship of parties or the circumstances surrounding a particular event." *Basham*, 561 F.3d at 327 (citation omitted). Here, the nature of the drug buy, the gun recovery effort and the interrelation between Hyer, Phillips and "K" were all pertinent issues at trial. The

7

challenged testimony explained the relationship between Hyer and Phillips and the context of Phillips' decisions and actions. Since the challenged testimony addressed issues relevant at trial and was not prohibited by Rule 404(b), the district court did not abuse its discretion in determining the testimony was relevant and reasonable.

Further, to the extent the decision by the district court to allow the line of questioning about Phillips and Hyer related to prior drug use constituted error, any abuse of discretion in admitting such testimony was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "Erroneously admitted evidence is harmless if a reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Basham*, 561 F.3d at 327 (internal citation and quotation marks omitted). The testimony of Phillips' conduct on the day Hyer recovered the gun was more than sufficient to independently support his conviction.

What's more, the district court took the further and swift step of instructing the jury that Phillips was not on trial for any drug offense. In doing so, the district court substantially controlled any associated risk of unfair prejudice and we find no abuse of discretion in the district court's evidentiary ruling.

IV.

For the foregoing reasons, we affirm Phillips' conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*